IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:18-cv-00518-D

| | |
|---|---|
| AISLING CANAVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KENNEY REALTY SERVICES, LLC, | ) |
| KENNEY PROPERTIES, INC., and | ) |
| KENNEY HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>PROTECTIVE ORDER</u>
Fed.R.Civ.P. 26(c)

This case is before the Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure on a Joint Motion by Plaintiff Aisling Canavan ("Plaintiff") and Defendants Kenney Realty Services, LLC, Kenney Properties, Inc., and Kenney Holdings, LLC ("Defendants").

**WHEREAS**, the discovery sought by Plaintiff and Defendants (collectively the "Parties") in the above-styled case is likely to involve the production of documents, things, and witness testimony containing Confidential Information; and

**WHEREAS**, the Parties have, through counsel, stipulated to the entry of this Protective Order (the "Order"), which shall apply to this civil action only, to prevent unnecessary dissemination or disclosure of Confidential Information; and

The purpose of this Order is to govern the parties' handling and disclosure of personal and proprietary information during discovery, mediation and pre-trial motions. This Order

does not govern testimony at trial or any hearing; nor does this Order govern any tangible thing that may be offered into evidence at any trial or hearing. Nothing in this Order should be read as authority to restrict public access to judicial records, court testimony, matters in evidence, or to any information relied upon by a court in making its decisions. Nothing in this Order should be read as authority to file any document under seal without prior authorization from this Court.

It is therefore ORDERED, that the following terms and conditions, having been agreed to by the Parties, are approved by the Court, and binding on all parties to this action:

1.     This Protective Order shall apply to all information, documents and things produced by a party in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, answers to requests for admission pursuant to Rule 36, and documents or testimony compelled under Rule 45. Information and documents produced in this civil action by a non-party may be subject to this Order if requested by the producing non-party or by a party to this action if the party can claim that the information is confidential to it. The party or non-party claiming protection of information under this Order shall be called the Designating Party.

2.     All parties and attorneys of records in the action, and all other persons and

entities possessing or granted access to material under this Order shall be bound by this Order. The Court may impose sanctions on any person or entity possessing or granted access to material under this Order who discloses or uses the material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order.

3. <u>Documents—Confidential</u>. Documents which are designated and stamped "Confidential" shall be utilized by the party receiving such documents for no other purpose than in connection with this litigation. Except with the prior written consent of each Designating Party, or pursuant to an Order of this Court, material designated as Confidential shall not be shown, described, or otherwise revealed to any person or entity, except:

    i)  parties to this action and their officers, directors, agents, or employees with a need for such access in order to prosecute or defend this action;

    ii) paralegals, office clerks, secretaries and clerical or support personnel employed by outside counsel of record for a party to this action;

    iii) consulting experts and testifying experts and their employees who have been engaged by outside counsel for a party to this action for the purpose of assisting in this action;

    iv) deposition court reporters and videographers;

    v) the Court, including judicial employees and all other necessary personnel, such as court reporters; and

vi) the author, addressee or any other person identified in the material as a recipient thereof, who would otherwise be entitled to receive and retain such information.

Those identified in items (iii) shall be required to sign an agreement in a form substantially identical to **Exhibit A** hereto, agreeing to be bound by this Order.  If a person identified in item (vi) is not a party or the member, officer, director, or employee of a party, then such person must first sign an agreement in a form substantially identical to **Exhibit A** hereto, agreeing to be bound by this Order.

4.	It shall be the responsibility of counsel of each party or the responsibility of each non-party to specifically designate those documents or portions of documents being produced which that party or non-party asserts contains Confidential information.  All parties shall have the right to object to the designation of Confidential information by appropriate motion before the Court.  In any proceedings challenging the designation, the designating party shall have the burden of maintaining challenged designation.

5.	With respect to depositions, the parties agree that if deposition questions or exhibits involve Confidential information, the Designating Party may request the transcript of such deposition be sealed as Confidential.

6.	All transcripts, depositions, exhibits, answers to interrogatories, and other documents filed with the Court pursuant to the pretrial discovery of any party to this action or as evidence at trial which have previously been designated by a party as comprised or

containing Confidential information, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of the nature of the contents, the words "CONFIDENTIAL" and "RESTRICTED ACCESS ACCORDING TO COURT ORDER,' and a statement in substantially the following form:

> This envelope, containing documents which are filed in this case by [identify party], is not to be opened nor are the contents thereof to be displayed or revealed except by Order of the Court or consent of the parties.

No party hereto waives any right it may have to object on any ground to the admission in evidence at the trial of this action of any Confidential information.

7.      If a party desires to provide access to information, documents, or things identified as Confidential information hereunder to any person or category of person not included or otherwise permitted hereby, it shall so notify the other party thirty (30) days in advance of such access in writing and if the other party objects, the party desiring to make disclosure shall move this Court for an Order that such person or category of persons may be given access to the confidential information.  If the motion is granted, such person or category of persons may have access to the confidential information provided that such person or category of persons have agreed in writing before such access is given to be bound by the terms of this Stipulated Protective Order, and such other terms as the Court may impose.

8.     No later than sixty (60) days after the final termination of this action, including all appeals, the attorneys for each party shall assemble and return to the opposing party or destroy all confidential documents and confidential things produced by the opposing party and shall destroy all copies thereof made by that party which respective parties have in their possession, custody, or control.  The attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and memoranda, containing confidential information but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the opposing party or an Order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed during the course of this action.

9.     Notwithstanding any provision of the contrary herein, a party producing documents and things may designate a group of documents by category as being Confidential.  After allowing the other party to inspect such documents for which such categorical designation has been made, individual documents of the group that are requested for copying by the inspection party shall then be individually marked by the producing party with a Confidential designation.

10.     If confidential documents or information are inadvertently disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to

such disclosure, and shall make every effort to prevent disclosure by each unauthorized person who received such information.

11.     If confidential documents, things or information are inadvertently produced, the party inadvertently disclosing such documents, things or information may within a reasonable time request the receiving party to return such inadvertently disclosed documents, things or information.  The party receiving a request to return inadvertently disclosed documents, things or information shall make all reasonable efforts to retrieve all documents, things or information claimed to be inadvertently disclosed and to prevent further disclosure after such request, and upon such request the receiving party shall return such all inadvertently disclosed documents, things or information within ten (10) days after receiving the request.  The party returning such documents, things or information shall not maintain any copies of such inadvertently disclosed material, and may make no use of such inadvertently disclosed material for any purpose during trial of this case, or otherwise.  The party to whom such documents, things or information are inadvertently produced may challenge the requested return by proper motion to the Court.  If such challenge is made, no use of the material requested to be returned may be made until the Court rules.

12.     Subpoenas of Confidential Material.  If a party in possession of Confidential information receives a subpoena or other request seeking production or other disclosure of such information, such party shall immediately give written notice to counsel for each Designating Party, stating the material sought and the time production or other disclosure

is required.  In no event shall production or disclosure be made without either (a) written approval by counsel for each Designating Party or (b) further order by any court of competent jurisdiction entered after each Designating Party has had reasonable written notice and opportunity to file objections thereto.

13.  <u>Attorney-Client Privilege and Work Product</u>.  Nothing contained in this Order, nor the inadvertent production of information or documents, shall prejudice or waive in any respect the right of any party to assert the attorney-client privilege, the attorney work product doctrine, any other applicable privileges, or the Confidential status as to any documents or other information.

14.  Local Rule 79.2 governs the procedures for filing documents under seal.

15.  This order may be modified by the Court upon application of any party for good cause shown.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## COURT'S APPROVAL AND MODIFICATION

The court hereby GRANTS the parties' Joint Motion for Entry of Protective Order [DE #25], and APPROVES and ADOPTS the terms of the parties' proposed Protective Order [DE #25-1] subject to the following modification:

Paragraph 6 is deleted in its entirety and the following language is inserted in its place:

The provisions of Local Civil Rule 79.2, E.D.N.C., and Section V.G.1 (formerly Section T) of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents. Prior to filing with the court any information designated confidential, counsel for the filing party shall confer with counsel for the party or the entity that produced the confidential information about how it should be filed. If the party or entity that produced the information so designated desires that the materials be filed under seal, then the filing party shall provisionally file the material under seal in accordance with Section V.G.1 of the Policy Manual and Local Civil Rule 79.2, with notice served on the party or entity who desires to maintain the material under seal. Within seven (7) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the court a motion to seal and supporting memorandum of law specifying (i) the exact document or item, or portions thereof, for which filing under seal is requested; (ii) how such request to seal overcomes the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) the reasons why alternatives to sealing are inadequate; and (v) whether there is consent to the motion. *See* ECF Admin. Policies & Proc. Manual § V.G.1, E.D.N.C. (Rev. Mar. 2017). In addition, the party desiring that the materials be maintained under seal shall set out findings supporting these specifications in a proposed order to seal. *Id.* If no motion to seal is filed, the material may be unsealed and made public by the clerk's office without further notice or order of the court.

SO ORDERED, this 28th day of May 2019.

KIMBERLY A. SWANK
United States Magistrate Judge

<u>EXHIBIT A</u>

AGREEMENT CONCERNING INFORMATION COVERED BY A
PROTECTIVE ORDER ENTERED IN THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA


The undersigned hereby acknowledges that he/she has read the Confidentiality Order ("Order") in *Aisling Canavan v. Kenney Realty Services, LLC, Kenney Properties, Inc., and Kenney Holdings, LLC,* Civil Action No.: 5:18-cv-00518, and understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.


Dated: _____, 20_____


By: _____


_____
(Type or print name of individual)

38588575.1